Isabel Buxeda Badía Vda. de Cestero y Santiago Buxeda Badía, demandantes y apelantes, *v.* Remigio Martínez Badía, José Martínez Rodríguez, Miguel y Teresa Buxeda Badía y Central Cambalache, Inc., demandados y apelados.

No. 5798.—*Sometido:* Junio 9, 1932. *Resuelto:* Julio 15, 1932.

*Isaías M. Crespo y Ulpiano Crespo Jr.,* abogados de los apelantes, *Leopoldo Feliú,* abogado de la Central Cambalache, apelada.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

Isabel Buxeda Badía, viuda de Cestero, y Santiago Buxeda Badía presentaron demanda ante la Corte de Distrito de Arecibo solicitando la nulidad de un testamento otorgado por Camila Badía Buxeda en 1ro. de septiembre de 1917. Se

alega en la demanda que Camila Badía Buxeda cuando otorgó el mencionado testamento, se encontraba en completo estado de imbecilidad y enajenación mental y que dicho testamento fué hecho obedeciendo a instrucciones del demandado Remigio Martínez Badía, quien tenía absoluto dominio sobre la persona de la testadora. Para justificar su carácter de herederos, en caso de que el testamento se declare nulo, los demandantes alegan que Camila Badía Buxeda falleció en Arecibo el día 2 de marzo de 1918 y que son sus únicos y universales herederos sus sobrinos aquí demandados, Miguel y Teresa Buxeda Badía y Remigio Martínez Badía, y los demandantes Santiago e Isabel Buxeda, quienes componen la sucesión legítima de la citada Camila Badía Buxeda.

Se alega además en la demanda que en virtud del testamento así otorgado, el demandado Remigio Martínez Badía se incautó, a título de heredero, de dos fincas que se describen en la demanda y que del pleito civil No. 11070, seguido por Miguel y Teresa Buxeda Badía contra Remigio Martínez Badía y otros, sobre nulidad de testamento otorgado por la referida Camila Badía Buxeda, pleito que se radicó ante la Corte de Distrito de Arecibo en 29 de octubre de 1918, fué tomada razón debidamente, por anotación al margen de las fincas descritas, en el registro de la propiedad de Arecibo a los folios 217 y 224 de los tomos 95 y 89 de Arecibo, el día 8 de noviembre de 1918.

La demandada Central Cambalache excepcionó la demanda, alegando que no se aducen hechos suficientes para determinar una causa de acción en cuanto a la demandada y que dicha demanda es ambigua, ininteligible o dudosa.

La Corte de Distrito de Arecibo declaró con lugar ambas excepciones, basándose en que la demanda no aduce hechos suficientes para determinar una causa de acción y además en que es ambigua y dudosa, concediendo a los demandantes diez días para enmendar dicha demanda. Los demandantes solicitaron la reconsideración de la resolución de la corte y pidieron que en caso de que dicha reconsideración fuese ne-

gada, se dictase sentencia para poder establecer el correspondiente recurso de apelación ante este tribunal. La corte inferior dictó sentencia declarando sin lugar la demanda, sin especial condenación de costas. De esta sentencia apelaron los demandantes, quienes atribuyen a la corte inferior los siguientes errores:

Primero: Erró el tribunal inferior al declarar que la demanda adolece de falta de causa de acción en cuanto a la demandada Central Cambalache.

Segundo: Erró la corte al declarar que la demanda es ambigua, y dudosa.

La alegación única de que los demandantes y dos de los demandados son los únicos y universales herederos de la testadora es una conclusión legal que no basta por sí sola para determinar el carácter de herederos de los demandantes, especialmente en este caso en que no se dice que Camila Badía Buxeda falleciera sin dejar descendientes o ascendientes y en que no se alega el grado de parentesco existente entre los demandantes y la referida testadora. Aun asumiendo que los referidos demandantes son sobrinos de la Sra. Camila Badía Buxeda, lo que no aparece claro de la demanda, este grado de parentesco no sería bastante para considerarlos como partes interesadas, por las razones expuestas y porque no se alega que los padres de los demandantes hayan muerto, para que sus hijos, en el supuesto de que estos demandantes sean sobrinos de la testadora, pudiesen heredar en representación de sus padres.

No surgiendo de la demanda que los demandantes tengan interés en este litigio, es claro y evidente que la demanda no aduce hechos para establecer una causa de acción en su favor.

[2] En cuanto a la alegación de *litis pendencia*, se alega en la demanda que la Central Cambalache, en 26 de septiembre de 1929, adquirió por cesión una hipoteca de $16,000 constituída a favor de Gertrudis Alvarez, y que dicha hipoteca fué debidamente inscrita sujeta al gravamen de *litis penden-*

*cia* existente en el registro de la propiedad. En 9 de septiembre de 1919, según las alegaciones, la Central Cambalache tomó en arrendamiento al demandado Remigio Martínez Badía las dos fincas descritas en la demanda. En 10 de noviembre de 1919 Ernesto Fernando Schlüter cedió a la Central Cambalache un crédito hipotecario existente sobre las dos fincas, y todas estas escrituras fueron inscritas en el registro sujetas al mismo gravamen de *litis pendencia*. En 20 de septiembre de 1929 Remigio Martínez Badía adjudicó en pago de deuda a la Central Cambalache las mencionadas dos fincas, quedando afectas al gravamen del aviso de demanda interpuesta por Miguel y Teresa Buxeda Badía contra Remigio Martínez Badía.

Estas son substancialmente las alegaciones de la demanda en cuanto a la nota de *lis pendens* tomada en el registro de la propiedad en 8 de noviembre de 1918. No aparece de las alegaciones que los demandantes en este caso, Isabel Buxeda Badía viuda de Cestero y Santiago Buxeda Badía, fueran partes en el pleito civil No. 11070 seguido por Miguel y Teresa Buxeda Badía contra Remigio Martínez y otros. Los demandantes en dicho caso aparecen incluídos como demandados en la presente acción. No surge de las alegaciones el interés que los ahora demandantes hayan podido tener en la acción promovida en la Corte de Distrito de Arecibo en 29 de octubre de 1918. Si Miguel y Teresa Buxeda Badía fueron los únicos demandantes, los que tomaron la iniciativa y promovieron aquella acción, a ellos incumbe exclusivamente continuar o desistir de aquel pleito, y en la demanda no se dice si ese pleito fué continuado o desistido, si se procedió con la debida diligencia y si se llegó o no a una decisión final. La demanda no dice en ninguna de sus alegaciones en qué estado se encuentra este pleito ni se explican las razones por que se ha promovido esta nueva acción, si es que en realidad se trata de acciones idénticas. Tampoco sabemos las causas en que se basa el pleito que fué objeto de la anotación de *litis pendencia*. Se dice únicamente en la demanda que fué aqué-

lla una acción sobre nulidad de testamento otorgado por Camila Badía Buxeda; pero la incapacidad para testar no es la única causa que puede determinar la nulidad de un testamento. La anotación de *lis pendens* únicamente puede cubrir las causas alegadas en el pleito que aparece anotado en el registro de la propiedad. La presente acción se basa en la incapacidad mental de Camila Badía Buxeda para testar. La acción anteriormente iniciada ha podido también basarse en esta causa, pero nosotros no lo sabemos, porque no surge de las alegaciones de la demanda.

La corte inferior resolvió que la demanda es ambigua y dudosa, y, aunque la ambigüedad surge de la alegación de *litis pendencia* es evidente que hay también falta de hechos para aducir una causa de acción contra la demandada Central Cambalache, porque si se dictara sentencia sobre las alegaciones no se podría condenar a la demandada apelada, que compró sujeta únicamente a la anotación de *litis pendencia* de un pleito cuyas causas de nulidad no se alegan en la demanda y que no aparece relacionado con la presente acción.

El abogado de la Central Cambalache, en un cuidadoso alegato, plantea la cuestión de que la anotación de *lis pendens* ha quedado extinguida por ministerio de la ley; pero nosotros no podemos entrar a considerar esta cuestión porque no surge de las alegaciones de la demanda la suerte que ha corrido el pleito anterior y la relación que puede tener ese pleito con la acción ahora entablada. Si dicho pleito continúa o no pendiente, si se desistió o se resolvió en sus méritos, si se tomó o no alguna acción con respecto a la anotación de *litis pendencia* y si se prosiguió o no con la debida diligencia, son cosas que ignoramos y que nos impiden considerar los méritos de la cuestión que plantea la demandada Central Cambalache por conducto de su abogado.

*Debe confirmarse la sentencia apelada.*